UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

ERIC BOADI,

               Plaintiff,

      -against-

CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; DET. WILLIAM
GREER; JAMES M. WILLIAMS; LARRY
OLINSKY, DET. RYAN; DET. MOY; ADA
KAMI GORDON-SOMMERS,[1]

               Defendants.
------------------------------------------------------------ X

**MEMORANDUM**
**DECISION AND ORDER**

12 Civ. 2456 (BMC)



**COGAN, District Judge.**

    Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging false arrest and malicious prosecution. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 and his claims against New York City, New York City Police Department ("NYPD"), and Assistant District Attorney Kami Gordon-Sommers are dismissed. Plaintiff's claims against defendants Detective William Greer, James M. Williams, Larry A. Olinsky, Detective Ryan and Detective Moy may proceed as set forth below.

## BACKGROUND

    The complaint is minimal. Plaintiff was indicted by a Kings County grand jury for a robbery that occurred on August 18, 2007, in Brooklyn; he was acquitted at trial in June 2009. His statement of claim states in its entirety:

---

[1] Plaintiff only lists the City of New York and the New York City Police Department in the caption of his complaint, but adds the five individuals listed here in the parties section of his complaint.



> Despite the fact defendants were cognizant of exculpatory evidence such as: Bayonne, New Jersey toll bridge receipt and plaintiff's cellphone record, proving he (Eric Boadi) was not in New York city on August 18, 2007- when Alvidad Associates (Western Union) check cashing on 4401 New Utrecht B[roo]klyn, NY, which was robbed at gun point, he (Eric Boadi) was fals[e]ly arrested without probable cause and maliciously prosecuted.
>
> Plaintiff was indicted by Kings County grand jury and was a[c]quitted at trial in June 2009.

Plaintiff seeks $15 million in monetary damages.

## DISCUSSION

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint fails to state a claim on which relief can be granted if, taking all allegations contained in the complaint to be true, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004).

However, a court must construe a *pro se* litigant's pleadings liberally, see Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470

F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to state a claim to relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

To prevail on a Section 1983 claim, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. See 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

A. **Plaintiff's Claims Against the NYPD**

The NYPD is a non-suable agency of the City. See Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (citing Wray v. City of New York, 340 F. Supp. 2d 291, 3030 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396, which states that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law")). Therefore, the complaint against the NYPD is dismissed for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Plaintiff's Claims against the City of New York**

To sustain a claim for relief under Section 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Bd. of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382 (1997) (citing Monell v. NYC Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427 (1985). Here, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts described in his complaint were attributable to a municipal policy or custom. Accordingly, there does not appear to be any basis for suing the City of New York. Plaintiff's claim against the City of New York is therefore dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii).

**C.     Plaintiff's Claims Against the Prosecutor**

Plaintiff's claim against Assistant District Attorney Kami Gordon-Sommers is dismissed because prosecutors enjoy absolute immunity from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984 (1976); see also Doe v. Phillips, 81 F.3d 1204 (2d Cir. 1996); Dory v. Ryan, 25 F.3d 81 (2d Cir.1994). As the Second Circuit has held, "[b]ecause the immunity attaches to the official prosecutorial function . . . and because the initiation and

pursuit of a criminal prosecution are quintessential prosecutorial functions . . . the prosecutor has absolute immunity for the initiation and conduct of a prosecution 'unless he proceeds in the clear absence of all jurisdiction.'" Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) (quoting Barr v. Abrams, 810 F.2d 358, 361 (2d Cir. 1987). See also Buckley v. Fitzsimmons, 509 U.S. 259, 274 n. 5, 113 S. Ct. 2606 (1993) (acknowledging that absolute immunity shields a "prosecutor's decision to bring an indictment, whether he has probable cause or not"); Pinaud v. County of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995) (holding district attorneys absolutely immune from claim for malicious prosecution); Hill v. City of New York, 45 F.3d 653, 660-61 (2d Cir. 1995) (holding prosecutors and those working under their direction absolutely immune for initiating prosecution). Thus, since plaintiff's claims against defendant Kami Gordon-Sommers pertain to plaintiff's prosecution and criminal trial, she is absolutely immune from suit in this action. Plaintiff's claim against her is therefore dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii).

**D.    Plaintiff's Malicious Prosecution Claim Against All Defendants**

Plaintiff fails to state a claim for malicious prosecution against any of the defendants. Malicious prosecution claims brought under Section 1983 are "substantially the same" as malicious prosecution claims under New York state law. Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003). To state a claim for malicious prosecution under New York law, the plaintiff must sufficiently allege the following four elements: (1) the defendant initiated or continued a criminal proceeding; (2) the proceeding terminated favorably to the plaintiff; (3) there was no probable cause for the criminal charge; and (4) the defendant acted maliciously. Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004); Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003).

Plaintiff alleges that he was indicted by a Kings County grand jury. When a plaintiff is indicted by a grand jury, New York law provides for a "presumption of probable cause for the purposes of defending against a malicious prosecution claim," Green v. Montgomery, 219 F.3d 52, 60 (2d Cir. 2000). The existence of probable cause is a complete defense to a claim of malicious prosecution. Savino, 331 F.3d at 72. This presumption of probable cause "may only be rebutted by evidence that the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" Id. (quoting Colon v. City of New York, 60 N.Y.2d 78, 83, 468 N.Y.S.2d 453, 456, 455 N.E.2d 1248 (1994)). Although plaintiff alleges that there was no probable cause for his arrest, he does not explain the circumstances leading to his arrest and indictment, so there is no way for this Court to determine whether probable cause existed. Moreover, plaintiff has not alleged that the defendants committed fraud, perjury, or any other misconduct surrounding his prosecution.

Plaintiff also does not allege that the defendants acted maliciously. See Weaver v. City of New York, No. 09-CV-10262, 2011 WL 4974570, at *7 (S.D.N.Y. Oct. 18, 2011) ("The Complaint's failure to allege actual malice . . . is a separate and independent basis to dismiss the malicious prosecution claim."). Although plaintiff asserts that the defendants prosecuted him despite having knowledge of exculpatory evidence, plaintiff does not allege that the defendants pursued this case for any reason other than a genuine disagreement with plaintiff over the meaning or the relevance of this allegedly exculpatory evidence.

In light of this Court's duty to liberally construe *pro se* complaints, plaintiff may amend his complaint within 21 days to correct the deficiencies in his malicious prosecution claim. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000); Fed. R. Civ. P. 15(a)(2). If the amended complaint

6

fails to correct these deficiencies, or if plaintiff fails to amend his complaint within 21 days, the malicious prosecution claim shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

## CONCLUSION

Accordingly, plaintiff's claims against defendants New York City; New York City Police Department; and Gordon-Sommers are dismissed under 28 U.S.C. §§ 1915(e)(2)(B). No summons shall issue as to these defendants.

Plaintiff is given 21 days' leave to amend his complaint to correct the deficiencies in his malicious prosecution claim against all defendants. Failure to correct these deficiencies within 21 days will result in dismissal of plaintiff's malicious prosecution claim against all defendants. The amended complaint must be captioned as an "Amended Complaint," name all defendants in the caption except New York City; New York City Police Department; and Gordon-Sommers, and bear the same docket number as this Order.

Plaintiff's false arrest claim against the remaining defendants – Detective William Greer, Shield # 17751; James M. Williams and Larry A. Olinsky of Command 0580; and Detectives Ryan and Moy of the 66th Precinct – may proceed. The Clerk of the Court is directed to issue a summons against these defendants and the United States Marshals Service is directed to serve the complaint and this Order on defendants without prepayment of fees. A courtesy copy of the same documents shall also be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis*

status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

_____
U.S.D.J.

Dated: Brooklyn, New York
      May 29, 2012