UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X

         Eric Boadi

              Plaintiff,                              1st Amended Complaint

      -against-

City of New York                                          42 USC 1983
Detective William Greer                         Civil Rights Complaint
Detective James M Williams
Detective Larry Olinsky                          12 CIV 2456 (BMC)
Detective Ryan
Detective Moya
              Defendants.
_____ X

## I
## FEDERAL RULE OF CIVIL PROCEDURE RULE 8[a] STATEMENT

1
That detective Greer, Williams, Olinsky, Ryan, Moya, without probable cause falsely arrested plaintiff, maliciously and indicatively prosecuted him for a crime he did not commit.
Thus deprived plaintiff of federal statutory and constitution right protected under the 1st, 5th, 6th, 8th, and 14th Amendment to the United States Constitution.

## II
## FEDERAL RULE OF CIVIL PROCEDURE RULE 9[b] PARTICULARIZED STATEMENT

2
That on August 21st 2007, Plaintiff Eric Boadi was arrested pursuant to a warrant by three Detectives from New York City Department of police fugitive warrant squad at 141 Norway Ave -Apartment 6B in Staten Island New York at 4am.

3
That he was transported to New York City Police Department -66th precinct in Brooklyn New York on that same day.

4
That plaintiff was handcuffed to a wall in a holding cell at the precinct for more than 18 hours.

5
That within that time he was deprived of water food and use of the toilet to relieve himself.

6
That after waiting for more than 5 hours he was informed by detective John Doe that his case was assigned to Detective Greer and Ryan.

7
That defendant Greer and Ryan removed plaintiff from the holding cell and transferred him to an interrogation room in handcuffs.

8
That defendant Ryan and Greer accused plaintiff of being the person who robbed at gun point on August 18th 2007 Ali Vidad Associates Check Cashing And Western Union Money Transfer Office on 4401 New Utrecht Ave Brooklyn N.Y of $90,000 in cash.

9
That despite the fact plaintiff provided defendant Greer, Olinsky, Ryan, Moya and Williams with an alibi and uncontroverted evidence and incontrovertible proof, such as his mobile telephone record and information regarding toll bridge crossing in Bayonne, New Jersey and that he was not in Brooklyn, N.Y on August 18th 2007 and his arrest by the warrant squad was validated by the defendants.

10
That plaintiff provided defendant Greer, Williams, Olinsky, Ryan and Moya with the names and telephone numbers of the individuals he was celebrating his birthday with, which was on August 18 2007.

11
That in violation of his 5th Amendment right to remain silent, and his 6th Amendment right to consult with an attorney; defendant Greer, Williams, Olinsky and Moya psychologically tortured plaintiff by depriving him of water, food, sleep and a toilet facility. The defendants coerced and compelled him to write a statement in violation of Miranda v. Arizona .

12
That for more than 12 hours that defendant Olinsky, Moya, Ryan, Williams and Greer took turns playing the bad cop and good cop routine demanding to be told where plaintiff kept the gun used in the alleged robbery and where he was hiding the $90,000 dollars cash. He was offered a reduction to a lesser included offense if he confessed to the crime. The defendants lied that they have the power to make prosecutors to reduce his sentence to time served in exchange for pleading guilty.

13
That even when he was allowed to make a phone call defendant Ryan decided to listen to his telephone conversation where plaintiff was telling his cousin to go and pick up his car.

2

defendant Ryan threatened plaintiff that his car will be confiscated if he did not confess to the crime.

14
That defendants transfer plaintiff to New York City Police Department Central Bookings where for the first time he was officially notified that he was being charged with a robbery of a check cashing facility. The next day he appeared before a Judge for arraignment. Bail was set at $30,000 which plaintiff could not afford at the time.

15
That despite the fact defendants Greer, Williams, Olinsky, Ryan and Moya were cognizant of the fact that Bayonne and Verrazano toll bridges are equip with surveillance cameras which was an exculpatory evidence proving plaintiff actual innocence, they decided to suppress these evidence, presented false evidence to the grand jury inculpating plaintiff and committed perjury before the Kings County grand jury in order to obtain an indictment by fraud.

16
That a review of New York State Rosario material, which is prior statement of prosecution witness and Brady material released by prosecutor after plaintiff indictment clearly prove and support the veracity of plaintiff claim that defendants were informed by eyewitnesses that two men standing over six feet and one inch tall and welled muscular built was the individuals that robbed the check cashing place. Defendants was also told that the suspects did not have any visible tattoos. Plaintiff is five feet nine inches tall and with visible tattoos on both arms.

17
That defendants' used plaintiff mug shot photograph from a dismissed November 24th 2006 criminal mischief misdemeanor complaint in a single highly suggestive photo array for identifying plaintiff as he the suspect responsible for the alleged August 18 2007 armed robbery.

18
That while he was in jail waiting trial plaintiff was deprived of the joy of fatherhood because he did not witness or participate in the birth of his daughter who was born on January 30 2008.

19
That in June 2009 plaintiff went to trial. A witness for the prosecution Jessica Espaniol who was an employee of Ali Vidad's check cashing testified that the suspects who robbed her on August 18 2007 while employed by Ali Vidad Associates was a light skinned complexion Hispanic male and that it was not the plaintiff. Second Witness for the prosecution testified that she did not see who it was. This is when the prosecutor decided to commit Prosecutorial Misconduct by suborning Perjury of a third witness Chingi Wang who was compelled by prosecutors and defendants to lie that it was Plaintiff who robbed Ali Vidad Associates check cashing place.

3

20
That thee Jury did not find Chingi Wang credible and Plaintiff was acquitted of all charges.

21
That during trial ADA Kami Gordon Sommers offered a four year sentence; Second plea offer was a two year sentence were both rejected by Plaintiff.

### III
### FIRST CAUSE OF ACTION- FIRST AMENDMENT RETALIATION

22
That plaintiff has established prima facie case of the 1st Amendment Retaliation. Plaintiff is claiming that despite the fact he has a long misdemeanor arrest record and the 66th precinct or the New York City Police department failed several times to take him off the streets, he was engaged in a Constitutionally protected 5th Amendment due process and 14th Amendment Equal Protection Right to enjoyment or Pursuit of Liberty, he was subjected to adverse action that would likely chill a person of ordinary firmness, continuing to engage in that activity and [3] the protected activity was at least a motivating factor in the adverse action.

### IV
### SECOND CAUSE OF ACTION- FALSE ARREST

23
That defendant Greer, Williams, Olinsky , Ryan and Moya acted outside the scope of their discretionary authority and their actions violated clearly established Constitutional Rights when they decided to fraudulently concealed exculpatory evidence proving plaintiff actual innocence and fabricated from a whole cloth evidence to implicate plaintiff to give themselves probable cause, could not possibly have been acting with in the scope of their jurisdiction, for failure to investigate plaintiff alibi claim. Defendants also acted outside the scope of their authority.

24
That defendants did not have probable cause to charge plaintiff and validated the warrant squad arrest once they knew he was not in New York August 18 2007.

### V
### THIRD CAUSE OF ACTION – MALICIOUS PROSECUTION

25
That plaintiff was clearly arrested for 4th Amendment malicious prosecution purpose and arrest made pursuant to a warrant constitutes a seizure pursuant to legal process for the purpose of malicious prosecution claim because an arrest warrant is one of the initial steps of a criminal prosecution regardless of whether the arrest was false, defendants committed

perjury or police misconduct and prosecutors suborn perjury by committing fraud upon the court.

## VI
## FOURTH CAUSE OF ACTION -MONELL

26
That New York City and New York City Police Department have a history and policy of targeting African Americans and Hispanic males of all ages, whether it was the infamous Giuliani Day Narcotics Enforcement Policy during the former mayor administration or the Stop and Frisk practice implemented by Mayor Bloomberg or the surveillance of Muslims after September 11 2001 attack. The failure to train New York City police officers about diversity or discipline officers who are involved in racial profiling amount to deliberate and willful indifferences to plaintiff, federally protected 4th and 5th Amendment rights which directly cause plaintiff's damages.

27
That the violation of plaintiff constitutional rights caused by New York City policy and local government custom were the failure to train police officers can be actionable under section 1983 $4^{th}$Amended claim where the failure to train is an official policy amount to deliberate indifference to the right of plaintiff or person with whom the police come into contact with.

28
That this policy is not merely training that is more imperfect or deficient. It is because Defendant Greer, Ryan, William, Moye, Olinsky of City of New York disregarded a known and obvious risk of serious harm from the development of a training program of presumption of innocence, equal justice for all and concealment of evidence proving actual innocence or diversity to the multi-cultural of New York City. Defendant did not receive adequate training.

29
That municipal and local government are person for the purpose of the 42 USC 1983. Plaintiff is not suing the City of New York under theory of respondeat superior. His claim is predicted upon New York City policy and custom that cost his injury.

30
That the City of New York, Police Department and the Criminal Justice system does not treat minority equally. The unequal treatment arise as a result of bigotry, racism, xenophobia and racial profiling.

31
That plaintiff as a minority is essential require to waive constitutional protection by pleading guilty despite the fact he is actually innocent because his presumption of being guilty is racially based.

5

## VII
## FIFTH CAUSE OF ACTION- DUE PROCESS

32
That the defendants Greer, Williams, Moya, Ryan, Olinsky violated plenty civil rights for deprivation of constitutional rights under the color of law, in light of pre-existing law, the unlawfulness of the defendants conduct under the constitution is apparent.

## VIII
## SIX CAUSE OF ACTION- CRUEL AND UNUSUAL PUNISHMENT

33
That the defendants and prosecutor prosecuted plaintiff with malice and without probable cause, and that they did so for purpose to denying his liberty interests under federal constitution.

34
That the arrest warrant was an improperly issued. Even when the defendant obtained exculpatory evidence exonerating plaintiff, suggesting the warrant application is so lacking indicia of probable cause as to render official belief in its existing unreasonable they continue to submit the charge to a grand jury and proceeding to trial thus causing plaintiff cruel and unusual punishment of being incarcerated for more than 25 years for a crime he did not commit.

## IX
## DEMAND FOR JURY TRIAL

35
That plaintiff is demanded a jury trial.

36
That plaintiff is suing each defendant in both their personal and official capacity.

## X
## DAMAGES

37
That plaintiff is demanding 3 Million dollars as compensatory damages from each of the defendants in the total amount of 18 Million dollars.

38
That the plaintiff will leave punitive damages to jury discretion.

39
Eric Boadi
X *Eric Boadi*

## DECLARATION

I Eric Boadi being duly sworn declare upon the penalty of perjury that this statement made in the 42 USC 1983 civil rights action is true and correct. I also declare that the statement made upon information and belief are true and correct to the best of my ability.

Eric Boadi
X *[signature]*
264 Sullivan Place
Brooklyn NY 11225

Dated on: 23 Day of July 2012

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X

Eric Bocci

Plaintiff,

-against-

City of New York
Detective William Greer
Detective James M Williams
Detective Larry Olinsky
Detective Ryan
Detective Maya

Defendant.
--------------------------------------------------X

Affirmation of Service

12 cv 2456 (BMC)

I, Eric Bocci, declare under penalty of perjury that I have served a copy of the attached 1st Amended Complaint upon United States District Court Eastern District of New York whose address is: 225 Cadman Plaza East Brooklyn, New York 11201

Dated: July 23, 2012, New York

Eric Bocci
Signature

264 Sullivan Place
Address

Brooklyn, New York 11225
City, State, Zip Code


RECEIVED JUL 2? 2012 PRO SE OFFICE